Acosta, Respondent, *v.* Pagán, Appellant.

Appeal from the District Court of Mayagüez.

No. 962.—Decided May 5, 1913.

Proceedings—Presumption.—Regularity in the proceedings of courts of justice is always presumed until the contrary is shown.

Appeal—Divorce—Alimony—Pleadings—Transcript of Record.—In order that this court may consider on appeal the plea that the appellant had not been given an opportunity to appear in his own defense and that the plaintiff had not been required to submit evidence in support of the allegations of her petition for alimony in an action for divorce, the facts on which such plea is based must be included in the transcript of the record.

The facts are stated in the opinion.
The appellant appeared *pro se.*

*Mr. José Sabater* for respondent.

Mr. Justice del Toro delivered the opinion of the court.

The District Court of Mayagüez having rendered judgment on August 12, 1912, in a suit for divorce brought by Rosario Acosta y Sepúlveda against her husband, José Pagán Salazar, dissolving the matrimonial tie between them, the plaintiff, after the entering of the final decree of divorce, petitioned the court to order the defendant to pay her alimony in the amount of $25 monthly for the maintenance of herself and their child which was confided to her custody. It is stated in the petition that the plaintiff lacks sufficient means to support herself and the child and that the defendant, according to plaintiff's information, is in receipt of an annual income of more than $1,000.

The petition having been heard in open court on January 20, 1913, the court ordered the defendant to pay to the plaintiff as alimony the sum of $25 monthly, and from that order of the court, dated February 5, 1913, the present appeal was taken.

It follows, then, that this is not a case of a provisional order entered during the pendency of the suit, as provided for in section 168 of our Civil Code, but of a decision based on the provisions of section 177 of the same code, reading:

"If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence, the district court may allow her, in its discretion, an alimony out of the property of her divorced husband, which alimony shall not exceed one-third of his income.

"The alimony shall be revoked if it shall become unnecessary, or if the divorced wife contracts a second marriage."

The appellant contends in his brief that the district court violated section 177 in not giving the defendant an opportunity to appear in his own defense and in failing to require the plaintiff to submit proofs in support of the allegations of her petition.

If the appellant desired to support these contentions

before this court, he should have prepared the record of appeal in proper form. In the preparation of said record neither the trial judge nor the adverse party took part. It is composed of copies certified by the clerk of the district court to be true copies of the following original documents in said suit, to wit: Judgment in the divorce suit, petition for alimony, minutes of the hearing on same, order granting alimony, notice of appeal.

It does not appear from the said documents that the defendant was present at the hearing on the petition or that he pleaded in any way thereto; neither can it be deduced from any of them that the defendant and appellant was not given an opportunity to appear and be heard. Hence, nothing to the contrary having been shown by the defendant and appellant, the presumption holds that the proceedings were conducted according to law.

It might be inferred perhaps from the record that the petitioner offered no evidence in support of her petition and that, nevertheless, the court granted the alimony requested. In our opinion the court committed no fundamental error in so doing. The court had tried previously the suit for divorce and had under consideration the motion of the petitioner on a hearing in open court, wherein she alleged facts sufficient to support the petition, and taking into consideration the special nature of the case and knowing that the decision to be rendered was liable to modification or even reversal in case sufficient legal reasons therefor were submitted by the interested party, the court granted, as it had the power to do, the petition of the plaintiff.

The appeal should be dismissed and the judgment of the trial court affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.